## H. R. NAFTALIN v. LA SALLE HOLDING COMPANY.[1]

December 1, 1922.

No. 23,114.

**Corporation—attempted rescission of resolution to increase capital stock at adjourned meeting for carrying it into effect.**

1. The stockholders of a corporation at a regularly called special meeting unanimously adopted a resolution amending the articles of incorporation thereby providing for an increase of capital stock, the purpose being to thus raise funds with which to pay outstanding obligations of the company, and then adjourned the meeting to a future named date for the expressed purpose of carrying the resolution into effect. It is *held* that the resolution could not lawfully be rescinded at the adjourned meeting, attended by a majority of the stockholders only, since the business thereof was by the terms of the adjournment limited to such acts as would carry out and effectuate the purpose of the resolution, and not to repeal or rescind it.

**Rescinding resolution subject to ratification of general meeting.**

2. The rescinding resolution was subject to ratification at a subsequent general meeting of the corporation, provided the substantial rights of objecting or minority stockholders were not materially prejudiced thereby.

**Ratification invalid when minority stockholder is deprived of substantial rights.**

3. Plaintiff, a minority stockholder, who brought this suit to annul the rescinding resolution prior to the attempted ratification will, if the ratification be given effect, be deprived of substantial rights, and since those rights were in no manner protected the ratification becomes inoperative and of no force or effect.

Action in the district court for Hennepin county for a decree declaring the resolution amending the articles of incorporation of defendant corporation and amended article five thereof void, and to restrain defendants from issuing or selling any of the increased capital stock. Plaintiff obtained a temporary restraining order,

[1]Reported in 190 N. W. 887.

but his motion for a permanent restraining order was denied by Hale, J. The case was heard by Waite, J., who made findings and ordered judgment in favor of plaintiff. Defendants' motion for amended findings and conclusions, or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Louis L. Swarthe*, for appellants.

*Shearer, Byard & Trogner* and *James E. O'Brien*, for respondent.

BROWN, C. J.

Action to restrain the enforcement of an amendment to the articles of incorporation of defendant La Salle Holding Company, in which plaintiff had judgment and defendants appealed.

The facts are not in material dispute. Defendant La Salle Holding Company is a corporation organized and existing under the laws of this state, having been so organized on June 23, 1916. The other defendants are officers and agents of the company. Capital stock in the sum of $200,000 was authorized by its articles of incorporation, divided into 2,000 shares of $100 each. In May, 1920, the company was indebted on various accounts, mainly to its stockholders, in a large amount, $90,000 of which fell due in the summer or fall of that year. Funds were not at hand and ways and means to meet the payments as they fell due became necessary. To that end a special meeting of the stockholders was called to convene on June 30, 1920, the notice thereof designating the business to be then taken up in the following language:

"* * * for the purpose of making arrangements to raise money to pay the indebtedness of the La Salle Holding Company, and also for the purpose of devising ways and means and arranging to pay the promissory notes made, executed and delivered by the La Salle Holding Company, that will become due and payable during the year 1920, and for the transaction of any and all business pertaining thereto and in connection therewith."

All the stockholders appeared in response to the notice, with one exception, and participated in the proceedings. There were several

adjournments from time to time, without final or definite action in the matter until July 2, 1920. At the different meetings various plans for raising the necessary funds were suggested and discussed, but nothing satisfactory to all present was agreed upon until the adjourned meeting on that day. At that time, with the one stockholder still absent, it was proposed that the capital stock of the corporation be increased from 2,000 to 4,000 shares, of which 1,000 should be preferred and the other 1,000 common stock, making a total of 3,000 of common and 1,000 of preferred stock. It was also proposed that the additional stock be sold to the present stockholders in proportion to their holdings in the company; all common stock not taken by them to be sold to any person applying as purchaser. The preferred stock was made to yield an 8 per cent dividend, with the option on the part of the corporation to retire the same after one year on certain specified terms, and was listed to the stockholders at $90 per share, the amount thereof equaling the outstanding indebtedness of the company. This arrangement or program for raising the money was satisfactory to all present, and a resolution amending the articles of incorporation accordingly was prepared and duly adopted by unanimous vote.

Subsequent to the adoption of the resolution the meeting was adjourned to July 7, 1920, at 2:30 p. m. for the purpose of completing the work "necessary to carry into effect" the resolution so adopted. At the time and place of the adjournment, July 7, 1920, at 2:30 p. m., the stockholders again met and by formal resolution or motion confirmed and approved the minutes of the previous meeting, by which the increase of stock was adopted as the best method of solving the financial difficulty of the company, all of which the minutes contained in detail. No objection was then presented to the former action and all were apparently satisfied with that solution of the matter. After the approval of the minutes the meeting was adjourned until 7:30 p. m. of the same day; no special purpose being designated in the motion to that effect, though the legitimate inference is that it was to complete the work under the amended articles of incorporation. At the evening meeting plaintiff and two other stockholders were not present, either in person

or by proxy. A voting majority did attend. One of the stockholders not attending that meeting was informed by the president, the holder of a majority of the stock, that the evening meeting would involve nothing against his interest, or otherwise than to complete the work made necessary by the resolution of July 2. The stockholder so informed communicated the statement to plaintiff, who also did not attend the meeting. Nevertheless, at that adjourned meeting the stockholders then present, at the instance of the president, promptly rescinded the resolution of July 2, and in the place thereof formally adopted a new resolution, having in view the same purpose, but increasing the capital stock from 2,000 to 5,000 shares, all the increase to be represented by common stock, and to be sold and parceled out in harmony with the terms of the resolution adopted for the purpose, which were at variance in some substantial respects from the former resolution which was thus abrogated. Under the new plan the additional stock was to be sold to existing stockholder pro rata, as before, but subscriptions therefor were required to be made within the time stated therein. In harmony with the requirements the new stock was all subscribed by the existing holders, except plaintiff, who brought this action to restrain corporate action in the matter. He did, however, after the suit was commenced conditionally subscribe for the proportion allotted to him, the condition being that the subscription depend upon the result of this action. It was of no validity as a subscription for the stock and was rightly so treated by the corporation; it could not be enforced. After adoption of the resolution last referred to there was a final adjournment followed later by this suit.

Upon the facts stated, found in greater detail by the trial court, judgment was ordered to the effect that the rescission of the resolution of July 2, and the substitution in the place thereof of the resolution of July 7, was unauthorized, illegal and void; and defendants were ordered restrained from putting the latter into effect.

In support of the appeal defendants assign as error the admission and exclusion of evidence, that certain of the findings are not sustained by the evidence, the refusal of the court to make certain

rejected findings of fact and that the conclusions of law are not sustained by the facts found.

1. A careful consideration of the first three points brings to light no error of a character to require a new trial of the action. If error was committed in any of the respects there complained of, no prejudice resulted therefrom. We therefore pass them without comment and come directly to the principal questions in the case, namely:

(1) Whether the action of the stockholders at the adjourned evening meeting on July 7, at which plaintiff was not present, in revoking the resolution adopted at the July 2 meeting to which all stockholders assented, was unauthorized and void; and

(2) Whether, if so unauthorized, it was validated by ratification and made legal at the general meeting of the stockholders in January following.

2. If it be conceded that the object and purpose of the special meeting of the stockholders, as stated in the call issued by the secretary, namely, to devise ways and means for raising money to pay the outstanding debts of the corporation, was sufficient to authorize an increase of the capital stock in the absence of a full attendance of stockholders, one being absent, a question we do not consider, we are clear that the purpose was exhausted at the adjourned meeting on July 2 when the proposition to issue 2,000 additional shares of stock, part common and part preferred, was unanimously adopted; the adjournment then ordered to July 7 being to complete and carry the same into effect. There were several prior adjournments, but all for the same purpose, and the finality came with the adoption of the plan presented on July 2. It was clearly beyond the power of a part of the stockholders, a voting majority, to rescind that action at the July 7 adjournment, the purpose of the adjournment being expressly restricted to methods and means to effectuate that plan previously adopted, not to reconsider or undo the same. Symott v. Building Assn. 117 Fed. 379. All the stockholders were not present, and the limitations prescribed by G. S. 1913, §§ 6185 and 6192, control the situation thus presented. The statutes are clear, and restrict the business to be transacted at a spe-

cial meeting of corporations of the kind to such as shall have been expressed in the notice, unless all the stockholders be present and join in a written assent to transact other specified corporate matters. There was here no notice that a reconsideration of the action of July 2 would come before the July 7 meeting, and all stockholders were not present or otherwise afforded an opportunity to be heard thereon. A reconsideration was therefore unauthorized.

3. But it is claimed that the action of the stockholders in rescinding the plan adopted at the July 2 meeting, and the substitution of a new one at the July 7 meeting, was fully confirmed and made valid by a ratification resolution passed at the general meeting of the corporation in January, 1921, subsequent to the commencement of this action. We do not sustain the point.

No doubt the action of the July 7 meeting undoing the work of July 2, substituting the new plan of stock issues, not necessarily wholly illegal or a nullity, was subject to ratification by subsequent approval of the stockholders at a general meeting of the corporation. Nelson v. Hubbard, 96 Ala. 238, 11 South. 428, 17 L. R. A. 375; Hill v. Railroad, 143 N. C. 539, 55 S. E. 854, 9 L. R. A. (N. S.) 606; 14 C. J. 894. But to be effective as such the ratification must not result substantially prejudicial to the rights of objecting or minority stockholders. If rights accruing to them under the revoking resolution will become lost or substantially impaired, the attempted ratification becomes ineffectual for any purpose. The rule of ratification in respect to other relations is applicable here. 7 R. C. L. 666. The facts bring plaintiff within the rule stated. By the plan adopted at the July 2 meeting, each stockholder was entitled to a pro rata share of the new stock; by the substituted plan of July 7, he was likewise given the option to subscribe for the issue of stock therein provided for, but by the resolution was required to present his subscription within the time therein stated, in default of which the stock was to be sold to others. Plaintiff made no enforceable subscription of stock under the revised plan. He was not required to do so as a matter of law. He protested the validity of the proceedings of the July 7 meeting, and brought this suit to annul the same. His conditional subscription was not recognized

by the corporation, and, in default of a proper one by him, the stock was all disposed of, as the trial court found, to others. No provision of any kind was made for his protection as a minority stockholder, and, if ratification stands the test of legality, he is excluded from rights given all other stockholders by the original plan of July 2, as well as those given by the substituted plan of July 7, and all because he prosecuted this action to test the validity of the corporate proceedings. It seems clear that this cannot be accomplished by the process of ratification. Plaintiff should not thus be penalized for challenging an act of the corporation which plainly was unauthorized and illegal. To so hold would open the door to the exclusion of minority stockholders in such concerns, and of their rights and interests therein, by methods not sanctioned in other industrial or business relations.

This disposes of the case, and other points discussed in the briefs of counsel require no attention. The judgment restraining the enforcement of the resolution revoking that of July 2, and substituting new plans for raising funds, at substantial variance therewith, was right and must be sustained. No errors substantially or otherwise materially prejudicing defendants are presented by the assignments of error, and the evidence supports the findings of the court. No doubt other methods of procedure may yet be found under which the rights of all stockholders may be protected, opportunity for which is not here foreclosed.

Judgment affirmed.